## Kraesley v. Rickert, Appellant.

*Trial — Examination of witness — Cross-examination — Offer — Papers.*

The appellate court will not reverse a judgment on a verdict, because the trial judge sustained an objection to a question asked the plaintiff on cross-examination, where no offer was made which would indicate whether or not the question asked was material, and it is impossible for the appellate court to determine upon an in-

308, (1916).]    Syllabus—Opinion of the Court.

spection of the assignment alone that any harmful error was committed.

Where a witness who did certain work for the defendant, alleged to have been necessary through the default of the plaintiff, is permitted to refer to the bills which he rendered to the defendant and which were paid by the latter, the defendant cannot claim that there was reversible error in rejecting the bills themselves on the ground that they had not been properly proven as substantive evidence against the plaintiff.

Argued Dec. 6, 1915.    Appeal, No. 22, Oct. T., 1915, by defendant, from judgment of C. P. Lehigh Co., April T., 1914, No. 151, on verdict for plaintiff in case of James O. Kraesley v. John B. Rickert.    Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit on a building contract.    Before GROMAN, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $164.22.    Defendant appealed.

*Errors assigned* were various rulings and instructions.

*Wm. H. Schneller,* with him *Smith, Paff & Laub* and *Chas. W. Kaeppel,* for appellant.

*Milton C. Henninger,* with him *James F. Henninger,* for appellee.

OPINION BY HEAD, J., October 9, 1916:

Although the parties to this appeal undertook to reduce their agreement to writing, the instrument was drawn so as to leave room for the disputes that have arisen between them.    They arise exclusively from questions of fact and the determination of these questions was peculiarly within the province of the jury.    A number of assignments of error complain of certain portions

of the charge of the learned trial judge. Even if the excerpts from the charge which are the bases of these assignments be considered separately, they disclose no ground upon which an appellate court could with propriety rest a judgment of reversal. But when the entire charge, taken as a whole, is considered, it is clear to us the defendant has no just grounds of complaint because of the manner in which the case was submitted to the jury. These assignments must therefore be dismissed.

In the fifth assignment complaint is made that when plaintiff was recalled by the defendant for a further cross-examination, the learned trial judge sustained an objection to a particular question asked concerning a notice from counsel to plaintiff requesting him to finish the work provided for in the contract. No offer of proof was made which would indicate whether or not the question asked was material, and it is impossible for this court to say, upon an inspection of the assignment alone, that any harmful error was committed. The plaintiff had already been cross-examined at great length, and after reading all of the testimony, we are unable to see that defendant was substantially injured by the order sustaining the objection. The right of a party to cross-examine the adverse party is clear enough, but it must be exercised in reason and always under the direction of the trial judge. We cannot say there was any abuse of discretion in the ruling complained of.

The witness who did certain work for the defendant, alleged to have been made necessary by the default of the plaintiff, was fully heard and permitted to refresh his recollection as to the material he furnished and the work he did by referring to the bills he presented to the defendant which were paid. This gave to the defendant the benefit before the jury of the whole of the testimony of the witness, and there is no reversible error in rejecting the bills themselves on the ground they had not been properly proven as substantive evidence against the plaintiff.

308, (1916).]          Opinion of the Court.

Without any further attempt at elaboration, we deem it sufficient to say that a careful examination of the whole of the record leads to the conclusion the case was properly tried and the judgment entered on the verdict of the jury should not be interfered with.

Judgment affirmed.